Weygandt, C. J.,
 

 dissenting. Both lower courts held that under the evidence in this record it was proper to charge the jury on the subject of contributory negligence. The matter was well stated by the trial court in its opinion as follows:
 

 “Applying the facts of this case to the well established law as above quoted, we find that a dangerous situation must have been made manifest to plaintiff’s decedent by Dennis waving his flash light in the middle of the road trying to flag the automobile in which Bush was riding. Since Crigler’s testimony shows
 
 *674
 
 that Bush was awake and looking straight ahead the only fair inference that could be drawn is that Bush must have seen the flash light signal. Since the undisputed facts are that Dennis shouted a loud warning as the car passed him, we do not have to even infer that Crigler and Bush heard the warning but the fact they did hear it is certain.
 

 “Since the flash light warning was given several hundred feet away and the shout of caution given approximately two hundred feet away from the defendant’s parked truck, it is also certain that Bush had adequate opportunity to warn the driver or to control the situation or to exercise his, senses for his own protection. The fact that Crigler testifies positively that Bush gave no warning even though he was looking ahead at the time and didn’t tell him to stop or call his attention to the danger clearly shows that Bush permitted the driver of the car to take him into a place of danger without doing anything for his own protection.
 

 “We have not been able to find another case in which the facts show so conclusively that the passenger and the driver of the car joined in testing a danger they both knew to exist.
 

 “If Crigler and Bush had not been testing a danger they could have stopped the car upon seeing the flash light signal before the car even reached Dennis. ■ And assuming they did not see the flash light signal they had ample time to. stop -the car or turn the car to the left side of the road to pass the truck before they came to the truck since the evidence shows there was no other traffic on the road. Even with proper warning within fifty or sixty feet of the truck Crigler could have turned his car to the left of the truck.
 

 “The cases cited by plaintiff on this point have no application since in all of them the evidence failed to show any facts indicating incompetence, unsuitability
 
 *675
 
 , or drinking of the driver and also fail to show any .manifest danger to the passenger with an adequate opportunity for the passenger to do something about it.”
 

 If, as this court has held consistently, the defendants’ negligence and the plaintiff’s contributory negligence still are to be regarded as separate issues, it would seem that the rule clearly should be applied under the circumstances of this case. Counsel concededly failed to take advantage of the opportunity to test the jury’s verdict by submitting interrogatories, and there is nothing in the record to indicate that the jury’s verdict for the defendants was not the result of finding the defendants and the plaintiff’s decedent all guilty of negligence. If the jury did so find, wherein could the plaintiff be prejudiced by error in the charge on the separate issue of the defendants’ negligence?